**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **COMBINED PUBLIC** | ) | **Case No. 1:20-cv-245** |
| **COMMUNICATIONS, LLC** | ) | |
| **50 West Broad St., Ste. 1330** | ) | **(Judge _____)** |
| **Columbus, OH 43215** | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT FOR MONEY DAMAGES** |
| | ) | |
| **-v-** | ) | **JURY DEMAND** |
| | ) | |
| **STELLAR SERVICES, LLC** | ) | |
| **201 Business Park Cir.** | ) | |
| **Stoughton, WI 53589** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Combined Public Communications, LLC ("CPC" or "Plaintiff"), by and through

counsel, for its Complaint against Defendant Stellar Services, LLC ("Stellar" or "Defendant"),

hereby alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff CPC is a Delaware limited liability company with its principal place of

business located at 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.  The members of

CPC are all citizens of the Commonwealths of Kentucky and Pennsylvania.[1]

2.     Defendant is a Wisconsin limited liability company with its principal place of

business located at 201 Business Park Cir., Stoughton, Wisconsin 53589.  The members of

---

[1] Plaintiff is mindful of the burden for establishing diversity jurisdiction when the parties are LLCs.  Specifically, Plaintiff is aware of the Seventh Circuit's requirement that the identity and citizenship of each member of an LLC be identified.  *E.g., Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 320-21 (7th Cir. 2002).  Here, in light of the sensitivity of the subject matter of this case and for the protection of both parties' confidentiality interests, Plaintiff respectfully requests that it be granted leave to disclose the identities of the members of Plaintiff and of Defendant under seal or *in camera* for the Court's review.

1

Defendant are citizens of Wisconsin.  None of the members of Defendant is a citizen of either Kentucky or Pennsylvania.[2]

3.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

5.      Personal jurisdiction is appropriate as to Stellar because it does business within this judicial district and is licensed as a foreign entity registered with the Indiana Secretary of State to do business in the State of Indiana.

### STATEMENT OF FACTS

**A.      CPC's Services Agreement with the Henry County Sherriff's Office**

6.      Plaintiff CPC is a telecommunications company that contracts with governmental entities responsible for operating correctional facilities and provides telecommunication services to inmates throughout the State of Indiana and elsewhere.  Pursuant to those contracts, both CPC and the governmental entities operating the jails (often a county or county subdivision, such as a Sherriff's department) receive a percentage of revenues collected from inmates for inmate calls.

7.      On November 1, 2014, CPC and the Henry County Sherriff's Office ("Henry County Sheriff") in Henry County, Indiana executed an Inmate Telecommunications General Services Agreement ("Services Agreement").  A true and accurate copy of the Services Agreement is attached hereto as **Exhibit A**.

---

[2] *See supra* n. 1

8.     Public contracts with governmental entities—such as the Services Agreement between CPC and the Henry County Sherriff—are publicly available pursuant to Indiana's Access to Public Records Act, Ind. Code § 5-14-3-3, *et seq.*

9.     Pursuant to the Services Agreement, CPC received the exclusive right to install an inmate telecommunications system to process collect, prepaid and direct-pay calls, including local and long distance traffic at the jail in Henry County, located at 127 N. 12th Street, New Castle, Indiana 47392 ("Henry County Jail").  (Ex. A at 1.)

10.     In exchange for providing the telecommunication services at the Henry County Jail, CPC was entitled to retain a percentage of the revenues collected from inmates and the recipients of inmate calls.  (*Id.*)

11.     The Services Agreement had an effective date of November 1, 2014 and, by its terms, remained in effect for sixty (60) months—*i.e.*, until November 1, 2019.  (*Id.*)  In addition, the Services Agreement automatically renewed for one (1) year with the same terms, unless CPC received written notification from the Henry County Sherriff at least ninety (90) days prior to the expiration date of the Services Agreement—*i.e.*, on or before August 3, 2019—of the non-renewal of the Services Agreement.  (*Id.*)

12.     The Henry County Sherriff did not provide CPC written notice of non-renewal on or before August 1, 2019, or at any time prior to November 1, 2019.  As a result, the Services Agreement automatically renewed by its terms for an additional year and is currently in full force and effect through November 1, 2020.

**B.     Defendant Stellar's Interference with CPC's Services Agreement**

13.     Defendant Stellar is a direct competitor of CPC.  Like CPC, Stellar also contracts with governmental entities to provide telecommunications services to inmates throughout the

State of Indiana and elsewhere—and competes against CPC to secure business from counties and county Sherriff's departments.

14.    With respect to the Henry County Jail, Stellar had executed an Inmate Commissary Services Agreement ("Commissary Agreement") with the Henry County Sherriff in or about July 2017, giving Stellar the exclusive right to sell candy, snacks, pastries, beverages, miscellaneous items, clothing, e-cigarettes and food products to inmates.  In other words, while CPC maintained the telecommunications business at the Henry County Jail, Stellar handled the jail's commissary business.

15.    As a result of Stellar's business dealings with the Henry County Sherriff, and because the Services Agreement was a matter of public record, Stellar had actual knowledge of the existence and terms of the Services Agreement between the Henry County Sherriff and CPC.

16.    In or around September 2019, despite having knowledge of the Services Agreement, Stellar nevertheless contacted the Henry County Sherriff with the intention to illegally, improperly and intentionally interfere with the Services Agreement.

17.    More specifically, Stellar used its existing business relationship with Henry County to knowingly and illegally make material misrepresentations that improperly induced the Henry County Sherriff to execute a new, conflicting services agreement with Stellar, that gave Stellar the exclusive right to provide telecommunications services to inmates at the Henry County Jail—in direct violation of the Henry County Sherriff's current Services Agreement with CPC.

18.    Stellar told the Henry County Sherriff not to worry about its existing contract with CPC, because Stellar "would take care of everything."

19.     On or about September 11, 2019, Stellar succeeded in its planned interference with the Services Agreement by inducing the Henry County Sheriff to execute an Inmate Phone Services Agreement with Stellar, which provided that Stellar would replace CPC's inmate telecommunication system with its own inmate telecommunication system at the Henry County Jail and collect revenue from inmate calls.  A true and accurate copy of the Stellar Inmate Phone Services Agreement is attached hereto as **Exhibit B**.

20.     Because Stellar knew that the initial term of the CPC Services Agreement expired as of November 1, 2019, Stellar drafted its Inmate Phone Services Agreement to take effect that same date.

21.     Stellar also knew at that time that the CPC Services Agreement had automatically renewed for an additional term of one year, because the Henry County Sheriff had not provided timely notice of non-renewal.  However, Stellar also provided the Henry County Sheriff with a template termination letter to send to CPC, dated November 1, 2019, purporting to notify CPC that Stellar Services would be taking over telecommunications services at the Henry County Jail. Of note, the template termination letter wrongly identified the current telecommunications provider as "Securus Technologies"—another competitor in the telecommunications industry— indicating that it was not a unique event for Stellar to provide a form termination letter for use by its prospective customers.  A true and accurate copy of the template termination letter is attached hereto as **Exhibit C**.

22.      After executing the Inmate Phone Services Agreement and providing the Henry County Sheriff with a template termination letter, Stellar went onsite to the Henry County Jail and improperly removed all of CPC's telecommunications systems and equipment from use at the premises.

23.    In or around November 2019, CPC arrived onsite to the Henry County Jail and witnessed Stellar removing CPC's equipment.  CPC immediately contacted the Henry County Sherriff, who stated it had executed a new telecommunication services agreement with Stellar. At that time, CPC notified the Henry County Sherriff the Services Agreement was in effect through November 1, 2020 and that the Henry County Sherriff was now in breach of the Services Agreement.

24.    Since removing CPC's telecommunications equipment and installing its own telecommunications equipment, Stellar has improperly collected—and continues to collect— revenues from inmate calls at the Henry County Jail, all to the detriment of CPC and in violation of the current Services Agreement between CPC and the Henry County Sherriff.

25.    In addition, Stellar also interfered with CPC's proposed 4-year renewal of the Services Agreement with the Henry County Sherriff, who was a current and ongoing customer of CPC's and who CPC expected would extend services under the Services Agreement for another 4 years.

## COUNT ONE
**(Tortious Interference with Contract)**

26.    CPC incorporates by reference the foregoing paragraphs of this Complaint, as if fully rewritten herein.

27.    As described above, a valid and enforceable contractual relationship exists between CPC and the Henry County Sherriff by virtue of the Services Agreement.

28.    Stellar had actual knowledge of the existence and terms of the Services Agreement as a result of its own business dealings with the Henry County Sherriff and because the Services Agreement was publicly available and accessible to Stellar pursuant to Indiana's Access to Public Records Act, Ind. Code § 5-14-3-3, *et seq*.

29.     Without justification or privilege, Stellar wrongfully interfered with the contractual relationship between CPC and the Henry County Sherriff, and intentionally procured and induced the Henry County Sherriff's breach and purported termination of the Services Agreement.

30.     Stellar's wrongful interference with the contractual relationship between CPC and the Henry County Sherriff was intentional and improper, and was done without justification or privilege to do so.

31.     As a result of Stellar's wrongful interference, CPC has incurred damages in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. CPC continues to sustain damages on an ongoing basis due to Stellar's continued interference.

**COUNT TWO**
**(Punitive Damages)**

32.     CPC incorporates by reference the foregoing paragraphs of this Complaint, as if fully rewritten herein.

33.     As described above, Stellar acted willfully, wantonly and maliciously because it had actual knowledge of the existence and terms of the Services Agreement, and knew that its conduct would cause injury to CPC, but acted with heedless indifference of those consequences by improperly interfering with the Services Agreement between CPC and the Henry County Sherriff (Count One).

34.     Accordingly, CPC is entitled to punitive damages from Stellar in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Combined Public Communications, LLC requests that the Court enter judgment in its favor and award the following relief:

(a)     Under Count One, award CPC actual and compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, to be proven at trial incurred as a result of Stellar's tortious interference with the Services Agreement;

(b)     Under Count Two, award CPC punitive damages against Stellar in addition to the compensatory damages awarded against Stellar for Count One;

(c)     On all Counts, issue an order requiring that Stellar remove its equipment from the Henry County Jail so that CPC may reinstall its own equipment; and

(d)     On all Counts, pre-judgment and post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

 _/s/ Steven C. Coffaro_
Steven C. Coffaro (19767-15)
Collin L. Ryan * (35120-15)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

*Attorneys for Plaintiff,*
*Combined Public Communications, LLC*

*\*Attorney application for admission to the Southern District of Indiana pending*

## JURY DEMAND

Plaintiff demands a trial by jury.

9731562.1

8